UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Walter A. Hilliard, Jr.,

Civil File No. 00-2394 (PAM/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Crofutt & Smith Storage Warehouses, Inc., a/k/a Crofutt & Smith Moving and Storage, Inc.,

Defendant.

---

This matter is before the Court on the Motion to Dismiss for lack of personal jurisdiction filed by Defendant Crofutt & Smith Storage Warehouses, Inc. For the reasons that follow, the Court will grant the Motion.

**BACKGROUND**

Plaintiff Walter A. Hilliard, Jr. ("Hilliard"), is a resident of Texas. In 1993, he entered into a lease agreement with Defendant to transport property in interstate commerce using a motor vehicle owned by Hilliard. Defendant is a New Jersey corporation with its principal place of business in New Jersey. According to Hilliard, Defendant is a motor carrier within the meaning of 49 U.S.C. § 13102(12).

The Complaint alleges that Hilliard's lease agreement with Defendant violated numerous provisions of the Federal Highway Administration's Truth-In-Leasing regulations, 49 C.F.R. §§ 376.11 and 376.12. Hilliard brings a claim for damages under these regulations

FILED JUN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 18 2001
DEPUTY CLERK

as well as a claim for breach of contract.

Defendant has now moved to dismiss Hilliard's Complaint. According to Defendant, it has never conducted business in Minnesota, it is not licensed to do business in Minnesota, and it does not have an agent, representative, office, or bank account in Minnesota. Thus, Defendant claims that this Court does not have personal jurisdiction over it.

**DISCUSSION**

When reviewing a motion to dismiss for lack of personal jurisdiction, the Court should take the plaintiff's allegations and the evidence submitted in the light most favorable to the plaintiff. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). As the non-moving party, Hilliard bears the burden to prove that jurisdiction lies in this Court, but at this preliminary stage, he need only make a prima facie showing of jurisdiction. Id.

The Due Process Clause of the Fourteenth Amendment requires that Defendant have "minimum contacts" with Minnesota in order for the Court to exercise jurisdiction. Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945). Defendant must have "purposely avail[ed] itself of conducting activities within" Minnesota in order for courts of this state to have jurisdiction over it. Hanson v. Denckla, 357 U.S. 235, 253 (1958); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Analysis of jurisdiction under Minnesota's long-arm statute is coextensive with the Due Process analysis. Domtar, Inc. v. Niagara Fire Ins. Co., 533 N.W.2d 25, 29 (Minn. 1995).

Hilliard argues that the Court need not reach the long-arm statute analysis in this case because Defendant has a designated agent for service in Minnesota, making it subject to this Court's personal jurisdiction. Defendant responds that the website from which Hilliard received his information regarding service agents is in error. According to Defendant, in 1994 the company transferred its motor carrier number to another company, and is thus not required to, nor does it, have a service agent in Minnesota. In support of this assertion, Defendant points to a consummation notice from the Interstate Commerce Commission regarding the transfer of the motor carrier number. There is no evidence to contradict Defendant's contention with respect to the transfer of the motor carrier number.

The argument regarding a Minnesota service agent is the only argument made by Hilliard in opposition to Defendant's Motion to Dismiss. The evidence before the Court, even viewed in the light most favorable to Hilliard, shows that this argument has no merit. However, Hilliard's affidavit also contends that he performed services for Defendant in Minnesota. Thus, although Defendant denies ever conducting any business in Minnesota, the Court will analyze Defendant's purported Minnesota connections to determine whether these connections establish the Court's jurisdiction over Defendant.

To determine whether a defendant has the minimum contacts with Minnesota required for the exercise of jurisdiction by both the Constitution and Minnesota law, courts should consider: (1) the quantity of defendant's contacts; (2) the nature and quality of those contacts; (3) the connection between those contacts and the cause of action; (4) Minnesota's interest

in providing a forum; and (5) the convenience of the parties. State v. Granite Gate Resorts, 568 N.W.2d 715, 718 (Minn. Ct. App. 1997), aff'd, 576 N.W.2d 747 (Minn. 1998). The first three factors are of primary importance. Id.

**A. Quantity of Contacts**

Defendant contends that it has no contacts, nor has it ever had contacts, with Minnesota. Hilliard asserts in his affidavit that he "had occasion to transport shipments to, from, and through the State of Minnesota" while working for Defendant. (Hilliard Aff. ¶ 3.) He does not specify the dates of these shipments, nor does he indicate approximately how many shipments he might have transported to or from the state during his eight-year relationship with Defendant. Even viewed in the light most favorable to him, Hilliard's affidavit alone simply does not establish that Defendant has the quantity of contacts sufficient for the exercise of personal jurisdiction.

**B. Quality of Contacts/Connection to Cause of Action**

Even where the defendant's contacts are minimal, jurisdiction may be appropriate if the nature and quality of those contacts indicate that the defendant purposely availed itself of the laws and protections of the forum. See Trident Enters. Int'l, Inc. v. Kemp & George, Inc., 502 N.W.2d 411, 415 (Minn. Ct. App. 1993). Here, however, it is clear that, even if Defendant has minimal contacts with Minnesota, those contacts are not meaningfully related to Hilliard's claims. It is likewise clear that Defendant has not "purposely availed" itself of the laws and protections of Minnesota.

**D. State's Interest/Convenience of Parties**

Given the lack of contacts with Minnesota, the state's interest in this action is nonexistent. Finally, given that neither Defendant nor Hilliard reside in Minnesota, this forum is certainly not the most convenient forum for either party. All of the factors weigh against the exercise of jurisdiction in this matter. Therefore, the Court finds that it does not have personal jurisdiction over Defendant, and the action must be dismissed.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court concludes that it does not have personal jurisdiction over Defendant.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 7) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 17, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUN 18 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995